UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1947 AG (JPRx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | HUNTER CONSULTING, INC. v. FRANK BEAS et. al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys Present for Plaintiffs: | Attorneys Present for Defendants:

**Proceedings:**     **[IN CHAMBERS] ORDER GRANTING PRELIMINARY INJUNCTION**

This case is about misappropriation of trade secrets. In November, 2012, Plaintiff Hunter Consulting, Inc. ("Plaintiff") sued Defendants Frank Beas; Ben Maese; Tiffany Van Horn; 13 Tons, LLC; and Earth Conscious, LLC (collectively, the "Beas Defendants"); and Defendants Les Livingston and Phoenix Environmental, Inc. (collectively, the "Livingston Defendants) for, among other things, misappropriating its trade secrets and violating the Racketeering Influenced and Corrupt Organizations Act. (Complaint, Dkt. No. 1, at 1.)

Plaintiff filed an Ex Parte Application for a Temporary Restraining Order ("TRO Application") and an Order to Show Cause ("OSC") why a preliminary injunction should not issue. (Dkt. No. 4.) The Court denied the TRO Application and granted the OSC. The Court now considers Plaintiff's request for a preliminary injunction.

The Court finds that Defendants have failed to show cause why a preliminary injunction should not issue and GRANTS a preliminary injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-1947 AG (JPRx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | HUNTER CONSULTING, INC. v. FRANK BEAS et. al. | | |

## LEGAL STANDARD

Preliminary injunctions are provisional remedies issued before final disposition of a litigation. They generally serve to maintain the status quo and prevent irreparable loss of rights before judgment. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (applying the *Winter* four-element test).

## BACKGROUND AND FINDINGS OF FACT

After reviewing the evidence, the Court makes the following findings of fact, including any findings of fact in the Analysis and Conclusions of Law.

### 1. The Plaintiff

Plaintiff is an environmental management company that provides, among other things, hazardous and non-hazardous waste transport. (Parker Decl., Dkt. No. 4-2, ¶ 3.) Plaintiff has been in business since April 2000. (*Id.* ¶ 5.) There are approximately 80,000 companies generating hazardous waste in California and only 15 to 20 companies that can provide services to deal with this hazardous waste. (*Id.* ¶ 6.) Plaintiff uses proprietary software that took over a year to develop and is the result of thousands of man-hours of data compilation. (*Id.* ¶ 7.) Plaintiff uses its software to quickly tailor bids according to its client's needs. (*Id.* ¶ 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1947 AG (JPRx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | HUNTER CONSULTING, INC. v. FRANK BEAS et. al. | | |

### 2. The Beas Defendants

Defendant Frank Beas ("Beas") was the Director of Sales for Plaintiff from April 2010 until October 5, 2012, when Beas was terminated. (*Id.* ¶ 12.) Plaintiff and Beas entered a nondisclosure agreement when Beas began working for Plaintiff (*Id.* ¶¶ 12-13; TRO Application, Exhibit A, Dkt. No. 4-5, at 3.)

Defendant 13 Tons is a vendor and cartage company. (*Id.* ¶ 14) Defendants Ben Maese and Tiffany Van Horn are principals of 13 Tons. (*Id.* ¶ 14)

Plaintiff claims that while Beas was still employed by Plaintiff, he entered an agreement with Maese and Van Horn to form a venture to compete with Plaintiff using Plaintiff's proprietary information. (Plaintiff's Pts. and Auth. in Support of TRO at 6.) To support this claim Plaintiffs assert that Beas sent numerous emails containing customer contact information and bid specifications to Van Horn while he was still employed by Plaintiff. (Parker Decl. ¶ 16; Stivers Decl. ¶ 6; Exhibit D.)

### 3. The Livingston Defendants

Defendant Livingston was employed as an account representative for Plaintiff from April 2004 until October 3, 2012 when he quit his employment. (Parker Decl. ¶ 21.) Plaintiff and Livingston entered a nondisclosure agreement when Livingston began working for Plaintiff. (Parker Decl. ¶ 21; Exh. B.)

The day before Livingston quit, he sent at least 93 emails containing customer information and bid specifications from his work email to his personal email account. Livingston then attemped to delete those emails from his work computer. (Parker Decl. ¶ 24; Stivers Decl. ¶ 10; Exh. F.) On or shortly after the day Livingston quit, Phoenix submitted a bid to one of Plaintiff's clients with whom Phoenix had not previously submitted a cartage proposal. (Parker Decl. ¶ 25; Depo. of D. Parker, Exh. M, at 43-44.) Plaintiff claims that "the bid was produced in the same format as the bids produced by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1947 AG (JPRx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | HUNTER CONSULTING, INC. v. FRANK BEAS et. al. | | |

HCI's proprietary software and the pricing was more than coincidentally similar to HCI's." (Motion at 8; Parker Decl. ¶ 25.)

Plaintiff also offers additional evidence to support its theory of misconduct by the Livingston Defendants. For example, Plaintiff claims another one of its clients was offered what that client considered to be a bribe to switch providers. (Parker Decl. ¶ 26.)

**ANALYSIS AND CONCLUSIONS OF LAW**

The Court makes these Conclusions of Law, including any conclusions of law found in the Background and Findings of Fact.

Defendants argue that the Court should not issue a preliminary injunction for two main reasons. First, Defendants argue that there is no valid RICO claim, and thus, the Court does not have the required subject matter jurisdiction over the case to issue an injunction. Second, Defendants argue that the facts, as presented by Plaintiff, do not warrant a preliminary injunction.

The Court finds neither of Defendants' arguments persuasive.

**1. Whether the Court has Subject Matter Jurisdiction**

Defendants argue that Plaintiff has failed to state valid RICO claims, and thus, the RICO claims cannot form the basis of jurisdiction for this Court. (Beas Opp'n, at 9.) But at this stage of the proceedings, the Court views jurisdictional claims under a very generous standard. Indeed, "the complaint must fulfill only two criteria: (1) it must 'claim a right to recover under the Constitution and laws of the United States,' and (2) the claim must not be 'wholly insubstantial and frivolous.'" *Keniston v. Roberts,* 717 F.2d 1295, 1298 (9th Cir. 1983) (citing *Jackson Transit Authority v. Local Division 1285,* 457 U.S. 15, 21 n. 6 (1982) (*quoting Bell v. Hood,* 327 U.S. 678, 681, 682–83 (1946)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1947 AG (JPRx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | HUNTER CONSULTING, INC. v. FRANK BEAS et. al. | | |

Here, the Court does not decide whether Plaintiff has stated claims upon which relief can be granted. Instead the Court holds only that Plaintiff has stated a claim that is not "wholly insubstantial and frivolous." "Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

## 2. Whether a Preliminary Injunction is Warranted

As an initial matter, Plaintiff's RICO claims for relief do not support a preliminary injunction. *See Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1088 (9th Cir. 1986) (concluding that Congress did not intend to give private RICO plaintiffs any right to injunctive relief). Thus, the Court does not consider those claims in analyzing whether a preliminary injunction is warranted, and looks elsewhere to determine whether Plaintiff has established each of the requirements necessary for a preliminary injunction.

### 2.1 Likelihood of Success on the Merits

To satisfy the first requirement for a preliminary injunction, the plaintiff must establish "that he is likely to succeed on the merits." *Winter*, 555 U.S. at 20. The Court first addresses Plaintiff's trade secret claim. "Under the UTSA, a prima facie claim for misappropriation of trade secrets requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895, 906 (N.D. Cal. 2010) (citing *Sargent Fletcher, Inc. v. Able Corp.,* 110 Cal.App.4th 1658, 1665 (2003)).

#### 2.1.1 Whether the Plaintiff Owned a Trade Secret

A trade secret is "information, including a formula, pattern, compilation, program, device, method, technique, or process, that:"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1947 AG (JPRx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | HUNTER CONSULTING, INC. v. FRANK BEAS et. al. | | |

(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

(2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ.Code § 3426.1(d).

Plaintiff argues that its Proprietary Information includes its customer lists, pricing information, vendor and collaborator contact information, and proprietary software programs for managing the information. (Motion at 3; Parker Decl. ¶ 8.)

Plaintiff argues that this information derives independent economic value from not being generally known. For example, Plaintiff claims that its proprietary software gives it "a competitive edge in the industry by enabling HCI to quickly tailor bids according to client's needs." (Parker Decl. ¶ 8.) Plaintiff's software enables Plaintiff to prepare bids within minutes as compared to days or even weeks for the average company in the industry. (*Id.*)

Plaintiff also asserts that its vendor information also derives economic value from not being generally known, as it gives plaintiff a significant price advantage over its competitors. (Motion at 4.)

Plaintiff also claims to have taken steps to that are reasonable under the circumstances to maintain its secrecy. For example, Plaintiff only disclosed the information to employees how needed it to perform their jobs functions and only after that employee signed a nondisclosure agreement. (Parker Decl. ¶ 11.)

Defendants have failed to persuasively rebut these assertions. The Court finds that Plaintiff owned trade secrets.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1947 AG (JPRx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | HUNTER CONSULTING, INC. v. FRANK BEAS et. al. | | |

      2.1.2   Whether the Defendants Acquired, Disclosed, or Used the Plaintiff's Trade Secrets Through Improper Means

Both Beas and Livingston were subject to nondisclosure agreements that covered Plaintiff's Proprietary Information.  Thus, the disclosure by Beas and Livingston, by email or otherwise of customer information or bid specifications, and the corresponding acquisition of that information by the remaining Defendants was improper.

      2.1.3  Whether the Defendants' Actions Damaged Plaintiff

Plaintiff claims that Defendants have used Plaintiff's Proprietary Information to either solicit business from, or submit bids to, several of Plaintiff's clients.  To the extent that Plaintiff is subject to competitive pressures from Defendants arising from improper use of Plaintiff's Proprietary Information, it has suffered damages from Defendants actions.

      2.1.4  Conclusion

The Court finds that Plaintiff has established a likelihood of success on the merits for its trade secret claim.  The Court declines to determine the likelihood of success of Plaintiff's other claims.

**2.2**    **Likelihood of Irreparable Harm**

To satisfy the second requirement for a preliminary injunction the plaintiff must establish "that he is likely to suffer irreparable harm in the absence of preliminary relief."  *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).  Plaintiff asserts that Defendants' use of Plaintiff's proprietary information will irreparably damage Plaintiff's reputation, goodwill, or competitive advantage.  (Motion at 20, 21.)  According to Plaintiff, "Defendants have already begun to disrupt relationships with HCI's clients and have begun to utilize vendors that Defendants would never have been aware of without HCI's Proprietary Information."  (Motion at 21.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1947 AG (JPRx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | HUNTER CONSULTING, INC. v. FRANK BEAS et. al. | | |

Plaintiff has produced evidence indicating that Defendants' alleged misappropriation of trade secrets is causing Plaintiff to lose customers or clients and the goodwill associated with such clients. Harm to business goodwill and reputation is unquantifiable and considered irreparable. *See Rent–A–Center, Inc. v. Canyon Tele. & Appliance Rental, Inc.,* 944 F.2d 597, 603 (9th Cir.1991) ( "Intangible injuries, such as damage to ongoing recruitment efforts and goodwill, qualify as irreparable harm."); *Optinrealbig.com, LLC v. Ironport Sys., Inc.,* 323 F.Supp.2d 1037, 1050 (N.D.Cal.2004) ("Damage to a business's goodwill is typically irreparable injury because it is difficult to calculate."). *MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1305 (C.D. Cal. 2007.)

The Court finds that there is a likelihood of irreparable harm.

**2.3    The Balance of the Equities**

To satisfy the third requirement for a preliminary injunction Plaintiff must establish "that the balance of equities tips in his favor." *Winter*, 555 U.S. at 20. Plaintiff argues that although they would suffer severe financial hardship if the injunction were denied, "Defendants will endure no such harm if they are temporarily prohibited from soliciting HCI's clients or using HCI's confidential information." (Motion at 21.) Plaintiff claims that its client list is relatively small compared to the field of potential customers, so that many potential customers would remain available to Defendant. (*Id.*)

Further, an injunction merely prohibits Defendants from using improperly obtained proprietary information.   Defendants cannot claim that such "harm" tips the equities in their favor.

The Court finds that the balance of equities tips sufficiently in Plaintiff's favor. *See Liberty Mut. Ins. Co. v. Arthur J. Gallagher & Co.*, 1994 WL 715613 (N.D. Cal. Dec. 19, 1994) ("This group of customers is sufficiently small in relation to the whole of Wickstrom's potential customers that he will not be significantly harmed by being denied the opportunity to compete for their business. Liberty, on the other hand, faces the potential erosion of a significant portion of its local business.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1947 AG (JPRx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | HUNTER CONSULTING, INC. v. FRANK BEAS et. al. | | |

### 2.4 Public Interest

To satisfy the final requirement for a preliminary injunction the Plaintiff must establish that "an injunction is in the public interest." *Winter*, 555 U.S. at 20. Here the Court notes that there is a strong public interest in favor of protecting trade secrets. *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 483, 94 S. Ct. 1879, 1887, 40 L. Ed. 2d 315 (1974) ("[i]t is hard to see how the public would be benefitted by disclosure of customer lists or advertising campaigns; in fact, keeping such items secret encourages businesses to initiate new and individualized plans of operation, and constructive competition results.); *see, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chung*, 2001 WL 283083 (C.D. Cal. Feb. 2, 2001).

Defendants have failed to persuade the Court that this case does not fall under that general rule. Thus, the Court finds that an injunction is in the public interest.

### 3. Conclusion

The four requirements for a preliminary injunction are satisfied, and a preliminary injunction is warranted.

### 4. Bond

Federal Rule of Civil Procedure 65 requires the party requesting the preliminary injunction to provide security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined." Fed. R. Civ. Proc. 65(c). Plaintiff asks the Court to require a bond of no more than $10,000. It appears that Plaintiff's rationale for such a small bond is that Defendants are either small or just beginning their ventures, and thus any "damages sustained by any party found to have been wrongfully enjoined" would also be small. *Id.* Defendants have not proposed an alternative amount. After reviewing the relevant evidence, the Court orders a bond of $50,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1947 AG (JPRx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | HUNTER CONSULTING, INC. v. FRANK BEAS et. al. | | |

### DISPOSITION

The Court finds that Defendants have failed to show cause why a preliminary injunction should not issue and GRANTS a preliminary injunction. The parties will meet to discuss the language of the preliminary injunction order. On or before December 13, 2012, they will file either an agreed upon order or their own separate proposals.

|  | : | 0 |  |
|---|---|---|---|

Initials of Preparer           lmb