UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER CONSULTING, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK BAES, an individual; BEN MAESE, an individual; TIFFANY VAN HORN, an individual; 13 TONS, LLC, a Nevada limited liability company; EARTH CONSCIOUS, LLC, a Nevada limited liability company; LES LIVINGSTON, individually and dba LCL CONSULTING, INC.; PHOENIX ENVIRONMENTAL, INC., a Nevada corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: SACV12 1947AG (JPRx)<br><br>**PRELIMINARY INJUNCTION ORDER**<br><br>DATE: December 10, 2012<br>TIME: 10:00 a.m.<br>COURTROOM:  10-D |

This matter came on for hearing on December 10, 2012, in Room 10-D of the above-entitled court, the Honorable Andrew Guilford, United States District Court

-1-
**PRELIMINARY INJUNCTION ORDER**

1  Judge presiding. Joseph A. Yanny, Esq. of Yanny & Smith appeared for plaintiff
2  Hunter Consulting, Inc. ("HCI" or "Plaintiff"); Mark S. Rosen, Esq. appeared for
3  defendants Frank Beas, Ben Maese, Tiffany Van Horn, 13 Tons, LLC, and Earth
4  Conscious, LLC ("Beas defendants"). David Sine, Esq. appeared for defendants Les
5  Livingston and Phoenix Environmental, Inc. ("Livingston defendants").

6      This order pertains to the Livingston defendants. A separate order will be made
7  pertaining to the Beas defendants. This matter was heard on an expedited basis, on the
8  basis of the declarations of the parties and limited discovery. The Court has already
9  issued Findings of Fact and Conclusions of Law.

10      After reading all supporting and opposing papers and declarations, and hearing
11  argument of counsel, the Court finds as follows:

12      1. The Court previously granted an Order to Show Cause why a preliminary
13  injunction should not issue. The Court finds that the Livingston defendants have failed
14  to show cause why a preliminary injunction should not issue.

15      2. For the purpose of this Order the Court finds that Plaintiff uses proprietary
16  software that took a year to develop and is the result of thousands of man-hours of data
17  compilation, and uses the software to quickly tailor bids according to its client's needs.

18      3. Defendant Les Livingston was a Sales Representative for Plaintiff from 2004
19  to October 3, 2012. Plaintiff and Livingston entered into a nondisclosure agreement.
20  Plaintiff asserts that Livingston sent numerous emails containing customer contact
21  information and bid specifications to himself while he was still employed by Plaintiff.

22      4. Plaintiff owned trade secrets contained in the emails. For the purpose of this
23  Order, the disclosure by Livingston, by email or otherwise of customer information or
24  bid specifications and the corresponding acquisition of that information by defendants
25  was improper. To the extent that Plaintiff is subject to competitive pressures from
26  Defendants arising from any improper use of Plaintiff's Proprietary Information,
27  Plaintiff has suffered damages from Defendants' actions. Based on this, Plaintiff has

established a likelihood of success on the merits for its trade secret claim. This Order merely prohibits the Defendants from using improperly obtained proprietary information.

GOOD CAUSE THEREBY HAVING BEEN SHOWN, The Court ORDERS that pending trial in this matter or further order of court, the Livingston defendants, and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, who receive actual notice of this Order, ARE ENJOINED AND RESTRAINED FROM:

    1. Using, disclosing, forwarding, delivering, reading, or sending any information contained in emails sent by Livingston to himself containing Plaintiff's customer contact information, bid specifications, or other proprietary information; or any of the information contained in the emails which Livingston may have preserved by disc, notes, or other means;

    2. Calling on, soliciting, attempting to sell, or selling products or services that the Livingston defendants learned of from Les Livingston, and whom Les Livingston learned of from HCI, or which the Livingston defendants might have learned of for the first time from any court filings in this case, whether those court filings concern the Livingston defendants or the Beas defendants;

    3. Attempting to contract with any vendors that the Livingston defendants learned of from Les Livingston, and whom Les Livingston learned of from HCI, or which the Livingston defendants might have learned of for the first time from any court filings in this case, whether those court filings concern the Livingston defendants or the Beas defendants;

    4. Opening or transmitting emails sent by Livingston prior to his joining Phoenix to the extent they have not already been opened. Nothing herein shall prohibit the Livingston defendants from currently communicating with one another by email;

5. Retaining, disclosing, or using any proprietary software obtained from Frank Livingston, and whom Frank Livingston obtained from HCI;

6. Destroying or disposing of any documents or files of any kind, actively or passively, whether in written or electronic form, that relate in any way to HCI's employment of Les Livingston and/or HCI's proprietary information. To the extent that any such documents or files have been destroyed by the Livingston defendants, or any of them, that defendant or those defendants are to provide Plaintiff with an itemized list of such documents or files within five days;

7. Nothing herein is intended to enjoin the Livingston defendants from contacting customers, vendors, or other persons of whom the Livingston defendants independently derived the information;

8. HCI has the duty to serve this Order as is necessary for its enforcement;

9. IT IS FURTHER ORDERED that this Order shall be effective upon HCI posting a bond for $50,000 with the Clerk of the Court.

T IS SO ORDERED.

Dated: December 19, 2012

_____
A̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶
United States District Court Judge

— 4 —
**PRELIMINARY INJUNCTION ORDER**