# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER CONSULTING, INC., a Nevada corporation, | CASE NO.: 8:12-cv-01947-JGB-JPR |
| Plaintiff, | **PERMANENT INJUNCTION** |
| v. | |
| FRANK BEAS, an individual; BEN MAESE, an individual; TIFFANY VAN HORN, an individual; 13 TONS, LLC, a Nevada limited liability company; EARTH CONSCIOUS, LLC, a Nevada limited liability company; LES LIVINGSTON, individually and dba LCL Consulting, Inc.; PHOENIX ENVIRONMENTAL, INC., a Nevada corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff Hunter Consulting, Inc. ("HCI") commenced this civil action on

November 7, 2012, alleging violations of the Racketeer Influenced Corrupt

Organizations Act (18 U.S.C. § 1962), misappropriation of trade secrets, and related claims. HCI sought, amongst other things, a preliminary and permanent injunction to prevent the unauthorized dissemination and/or use of HCI's trade secrets.

HCI and Defendants Frank Beas, Ben Maese, Tiffany Van Horn, 13 Tons, LLC and Earth Conscious, LLC ("Beas Defendants"), without admitting liability, have stipulated to entry of this Permanent Injunction as part of a settlement agreement.

## FINDINGS

By stipulation of the parties and being advised in the premises, the Court finds:

A. This is an action by HCI instituted under 18 U.S.C. § 1962 and California statutory and common law. The Complaint seeks both permanent injunctive relief and damages.

B. This Court has jurisdiction over the subject matter of this case and has jurisdiction over the Beas Defendants. Venue in the Central District of California is proper.

C. This Court previously granted a preliminary injunction against the Beas Defendants in this action. The Court found, for the purpose of issuing the preliminary injunction, that HCI owns trade secrets and that while Frank Beas was employed by HCI and subject to a nondisclosure agreement, he improperly sent

numerous emails containing HCI's customer information or bid specifications to Van Horn. The parties have stipulated that Maese admitted in his deposition that Van Horn forwarded emails to him that she received from Beas.

    D.  The Beas Defendants waive any right to seek judicial review or to otherwise challenge or contest the validity of this Order. Each party shall bear its own costs and attorneys' fees.

    E.  This Order resolves issues between HCI and the Beas Defendants raised in HCI's Complaint.

    F.  The Beas Defendants have entered into this Order freely and without coercion. The Beas Defendants acknowledge that they have read the provisions of this Order, understand them, and are prepared to abide by them.

    GOOD CAUSE THEREBY HAVING BEEN SHOWN, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Beas Defendants, and each of them, their officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation with them who receive actual notice of this Order ARE ENJOINED AND RESTRAINED FROM:

    1.  Using, disclosing, forwarding, delivering, reading, or sending any information contained in emails sent from Beas to Van Horn containing Plaintiff's customer contact information, bid specifications, or other proprietary information; or any of the information contained in the emails which Beas may have preserved

by disc, notes, or other means;

2. Contacting, by any method or means of any type or nature whatsoever, or doing business of any type with any client listed in confidential Exhibit A for seven years from the date of entry of this order, no matter what the source of the business or referral. However, the Beas Defendants may sell bio-diesel to the client denoted in confidential Exhibit A with an asterisk;

3. Opening or transmitting emails sent by Beas prior to his joining Earth Conscious to the extent they have not already been opened. Nothing herein shall prohibit the Beas Defendants from currently communicating with one another by email;

IT IS FURTHER ORDERED THAT:

4. The Beas Defendants must return to HCI any and all information taken from HCI by Frank Beas and all copies of said information as well as all electronic copies, including, but not limited to, emails and email attachments, which shall be deleted from memory, storage and/or any other place in which it exists that is accessible by any of the Beas Defendants. Any hard copies shall be delivered to counsel for HCI.

5. Exhibit A is a part of this injunction pursuant to *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126 (9th Cir. 2006), *Henry Hope X-Ray Prods., Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336 (9th Cir. 1982); and *State of Calif. on*

*Behalf of Calif. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772 (9th Cir. 1998). Good cause having been shown, Exhibit A shall be filed under seal.

      6.   HCI has the duty to serve this Order as is necessary for its enforcement.

IT IS SO ORDERED.

DATED: May 23, 2014

_____
Honorable Jesus G. Bernal
United States District Court Judge